# UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| KATRIDA WILLIAMS <br> 11128 Sunburst Lane <br> Apt H <br> Fredericksburg, VA 22407 <br><br> Plaintiff, <br> v. <br><br> VIRGINIA POLYTECHNIC INSTITUTE <br> AND STATE UNIVERSITY <br> 800 Drillfield Drive <br> Blacksburg, VA 24061 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:19-cv-255 |

## COMPLAINT

Plaintiff Katrida Williams ("Plaintiff" or "Ms. Williams"), through her attorneys at the Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant Virginia Polytechnic Institute and State University's ("Defendant" or "Virginia Tech") unlawful discrimination against and retaliation of Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C § 12101, et seq.("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 701, et seq. ("Rehab Act").

2. Defendant discriminated against Plaintiff based upon her disability in violation of the ADA and Rehab Act by: (1) failing to accommodate Plaintiff's disability; (2) terminating Plaintiff from duty because of her disability; and (3) terminating Plaintiff for engaging in protected activities.

## JURISDICTION AND VENUE

3. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

4. The United States District Court for the Eastern District of Virginia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law and Plaintiff's civil rights.

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant conducts business in the Commonwealth of Virginia.

6. Venue is properly laid in the Division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Division.

7. Venue is properly laid in the Division pursuant to 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 794a(a) because Plaintiff would have worked in the Division but for Defendant's unlawful conduct.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA, for which she seeks injunctive relief, as follows:

    a. On May 31, 2018, Plaintiff submitted a charge with the Equal Employment Opportunity Commission ("EEOC").

    b. On November 14, 2018, Plaintiff amended her charge.

    c. On February 22, 2019, Plaintiff requested that the EEOC issued a Notice of Right to Sue.

10. The Rehab Act does not have an exhaustion of administrative remedies.

## PARTIES

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Ms. Williams is a resident of Fredericksburg, VA.

13. Ms. Williams is a former employee of Defendant.

14. Ms. Williams was employed by Defendant as a Supplemental Nutrition Assistance Program ("SNAP") Education Extension Agent.

15. Ms. Williams worked out of the Stafford County office of Virginia Cooperative Extension, located at 1739 Jefferson Davis Highway, Stafford, VA 22554.

16. Defendant is a state university.

17. On information and belief, Defendant receives funds from the federal government via grants from the U.S. Department of Agriculture.

18. On information and belief, Defendant's SNAP Education Extension program receives funds from the federal government via grants from the U.S. Department of Agriculture.

19. Defendant is an employer as defined by the ADA and Rehab Act.

## FACTUAL ALLEGATIONS

20. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

21. On or around October 12, 2015, Ms. Williams was hired by Defendant.

22. In the fall of 2017, Ms. Williams began experiencing a flare up of her disability, generalized anxiety disorder.

23. Plaintiff's generalized anxiety disorder is a mental health impairment that substantially limits her ability to concentrate, think, communicate, and interact with others when flared.

24. Plaintiff's generalized anxiety disorder is a disability under the ADA and Rehab Act.

25. Between in or around September 19, 2017 and January 3, 2018, Ms. Williams took leave for her disability.

26. Prior to going on leave, Ms. Williams was meeting Defendant's job expectations.

### After Presenting A Return To Work Note With Accommodations, Defendant Kept Ms. Williams On Leave

27. On or around December 27, 2017, Ms. Williams' mental health provider, Licensed Professional Counselor Margo Sills, submitted a return to work note to Defendant clearing Ms. Williams for duty with accommodations.

28. On January 3, 2018, Ms. Williams reported to work but was sent home.

29. On January 5, 2018, Defendant's Leave Analyst Kim Hodges informed Ms. Williams that Defendant had denied her accommodation request on January 4, 2018.

30. Defendant did not engage in any interactive process with Ms. Williams in its January 4, 2018 decision to deny Ms. Williams' accommodation request, propose any alternative accommodations, or articulate how Ms. Williams' request was an undue hardship.

31. Defendant instructed Ms. Williams to remain on leave and recommended that she be reevaluated after March 1, 2018.

### Defendant Claimed Ms. Williams' Proposed Accommodations Were "Too Restrictive," Without Explaining Why Or Proposing Alternatives

32. Having received no communication from Defendant for almost a month, Ms. Williams reached out to Ms. Hodges about what she needed to do next.

33. On February 19, 2018, Ms. Hodges instructed Ms. Williams that she needed to submit a new doctor's note to return to work and that the note must clear Ms. Williams to work without restrictions.

34. Ms. Sills submitted another return to work note on February 28, 2018 on Ms. Williams' behalf.  This note stated that Ms. Williams could return to part time duty for a limited period followed by full time duty, requested time off for medical appointments, and stated that Ms. Williams should only perform her stated job duties.

35. Ms. Sills also stated that the requested limited duty period was only for an adjustment period needed because of Ms. William's lengthy absence.

36. In early March 2018, Respondent's ADA Coordinator Pamela Vickers stated to Ms. Williams that her requested accommodation was unreasonable, without explaining why.

37. Ms. Vickers, Ms. Sills, and Ms. Williams then had a conference call on March 6, 2018 to discuss the accommodation request.  Ms. Vickers stated that Ms. Williams supposedly did not need an accommodation because she already had a flexible schedule or alternatively that Ms. Williams should just look for another job.

38. After this call, Ms. Sills submitted an email on March 9, 2018, which provided more information about Ms. Williams' disability and made several proposed alternative accommodations.

39. Rather than engage in the interactive process, later that day, Ms. Vickers left a voicemail for Ms. Williams stating that Ms. Sills' suggested accommodations were "too restrictive," without explaining why and without purposing alternative accommodations.  Instead, Ms. Vickers stated that there were no reasonable accommodations available.

40. That same day, Defendant's short-term disability insurance coordinator Becky Morris told Ms. Williams that she would be terminated on March 12, 2018 because her short-term disability leave had been exhausted.

41. On April 17, 2018, Ms. Williams' manager requested that Ms. Williams return her keys since she would not be returning to her former position.

## COUNT I: FAILURE TO ACCOMMODATE

42. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43. Ms. Williams is disabled.

44. On or around December 27, 2017, Ms. Sills submitted a return to work note and requested an accommodation on Ms. Williams' behalf for her disability.

45. Rather than engage in the interactive process, Defendant placed Ms. Williams on leave.

46. On or around February 28, 2018, Ms. Sills submitted another return to work note and request for accommodation on Ms. Williams' behalf.

47. In early March 2018, Respondent's ADA Coordinator Pamela Vickers stated the requested accommodation was unreasonable, without explaining why or engaging in any interactive process.

48. On March 9, 2018, Ms. Williams' mental health provider submitted several alternative proposed accommodations.

49. Rather than engage in the interactive process, Defendant simply rejected the requested accommodations.

50. Defendant's failure to engage in the interactive process resulted in Defendant failing to accommodate Ms. Williams' disability.

51. Defendant's failure to accommodate Plaintiff resulted in her termination.

## COUNT II: TERMINATION BECAUSE OF DISABILITY

52. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

53. Ms. Williams is disabled.

54. Defendant was aware of Ms. Williams' disability.

55. Rather than engage in the interactive process to accommodate Ms. Williams' disability, Defendant terminated Ms. Williams.

56. Defendant terminated Ms. Williams because of her disability.

## COUNT III: RETALIATION

57. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

58. From December 27, 2017 through March 9, 2018, Ms. Williams repeatedly engaged in protected activity by requesting or having her mental health provider request accommodations for her disability.

59. On March 9, 2018, Ms. Sills submitted an accommodation request on Ms. Williams' behalf.

60. That same day, Ms. Sills was informed that she would not be accommodated and that she was to be terminated.

61. Defendant terminated Ms. Sills because of her accommodation requests.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Injunctive relief;

C. Back pay;

D. Compensatory damages;

E. Liquidated damages;

F. Reinstatement, or front pay in lieu of reinstatement;

G. Pre- and post-judgment interest as may be allowed by law;

H. Attorney's fees and costs; and

I. Other such relief as may be appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: March 1, 2019

                              Respectfully submitted,

                              /s/ Jeremy Greenberg
                              Jeremy Greenberg (86165)
                              1100 Connective Ave., N.W.,
                              Suite 920
                              Washington, D.C. 20036
                              Tel: (202) 293- 0015
                              Fax: (202) 293-0115
                              jgreenberg@benefitcounsel.com

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

*Katrida Williams*
Katrida Williams